[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 151)
The plaintiffs, Adrienne and Arnold Lobovits, filed a two-count complaint against the defendant, Anton Nemeth d/b/a New Dimensions, on September 25, 1997. The plaintiffs allege in count one that on January 2, 1997, Adrienne Lobovits was a patron at New Dimensions, which was in Nemeth's control. While leaving New Dimensions, Adrienne Lobovits slipped and fell on compacted snow in the parking lot, resulting in serious injury. Arnold Lobovits alleges a loss of consortium in count two. The defendant filed an answer and special defense to the plaintiffs' complaint on January 29, 1998.
The defendant filed an apportionment complaint against Lee Miro d/b/a Miro Brothers Landscaping (Miro), alleging that Miro was responsible for removal of snow from the parking lot. The plaintiffs also filed a separate two-count complaint against Miro on February 27, 1998, alleging that Miro had a contractual duty to plow snow and to sand the parking lot at New Dimensions. The court, Stodolink, J., subsequently granted the plaintiffs' motion to strike the defendant's apportionment complaint on April 7, 1998, on the ground that a possessor of land cannot delegate a duty it owes to an invitee.[1]
Miro has now filed amended special defenses against the plaintiffs, alleging that the plaintiffs failed to properly serve their complaint against Miro pursuant to General Statutes §52-102b(d),[2] and that as a result of the late filing, the plaintiffs' claims against Miro are barred by the statute of limitations found in General Statutes § 52-584.[3]
Presently before the court is the plaintiffs' motion to strike the second and third amended special defenses filed by Miro on the grounds that (1) Miro has waived its right to raise these defenses and (2) that service was timely. Miro filed an objection to the plaintiffs' motion to strike, arguing in part that the plaintiffs cannot strike the special defenses because they failed to object to the filing of the amended special defenses within fifteen days as required by Practice Book § 10-60.[4] Miro CT Page 4236 also argues that the special defenses are sufficient because the plaintiffs failed to properly serve the apportionment complaint. The matter was heard by the court on March 29, 1999.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . [The court] must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Peter-Michael. Inc. v. Sea Shell Associates,244 Conn. 269, 270-71, 709 A.2d 558 (1998). A motion to strike may be used to contest the legal sufficiency of any answer to a complaint including any special defense contained therein. Practice Book § 10-39(a)(5).
Miro alleges in the second amended special defense: "The plaintiff failed to serve the Complaint against Lee Miro d/b/a Miro Brothers Landscaping dated February 26, 1998 on the apportionment defendant herein namely Lee Miro within 60 days from the return date on the Apportionment Complaint pursuant to Connecticut General Statutes § 52-102b(d) as a result this court lacks subject matter jurisdiction." Miro alleges in the third amended special defense: "The plaintiff failed to serve theComplaint against Lee Miro d/b/a Miro Brothers Landscaping dated February 26, 1998 on the apportionment defendant, namely Lee Miro Brothers within 60 days from the return date of the ApportionmentComplaint pursuant to Connecticut General Statutes § 52-102b(d) and as a result plaintiff's claim brought against the apportionment defendant is time barred by the statute of limitations set forth in Connecticut General Statutes § 52-584."
"Any defendant wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filng of an appearance." Practice Book § 10-30. "The motion to dismiss shall be used to assert . . . (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31(a). "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided CT Page 4237 in Sections 10-6[5] and 10-7[6] and within the time provided by Section 10-30." Practice Book § 10-32.
Miro has not filed a motion to dismiss based upon the alleged improper service, but instead alleged improper service in the second and third special defenses. By failing to raise the issue of improper service by bringing a motion to dismiss in the time allowed pursuant to the Practice Book, Miro has now waived any claim that service over it was improper.
Accordingly, the plaintiffs' motion to strike the second and third amended special defenses is granted on the ground that Miro has waived its right to assert claims based upon insufficiency of process or insufficiency of service of process.
Skolnick. J.